### ROBBINS *v.* BRANNON.

While counsel participating in a case should refrain from any social intercourse with jurors sitting on the trial, which could in any manner be subject to adverse criticism, the facts of the present case are not such as to require a reversal of the judgment of the lower court refusing to declare a mistrial because of alleged improper conduct of counsel in playing in a game of cards with a member of the jury.

　　　　　MAY 18, 1916.

Action for damages.  Before Judge Patterson.  Cherokee superior court.  February 24, 1915.

*Gober & Jackson, H. B. Moss,* and *W. I. Heyward,* for plaintiff.

*N. A. Morris, T. E. Latimer,* and *J. G. Roberts,* for defendant.

HILL, J.  The present case comes before this court solely on

exception to the refusal of the trial judge to declare a mistrial under the following circumstances: The defendant was represented by three members of the bar, two of whom were stopping at a hotel in the town where the trial occurred. The court adjourned on Tuesday, with the address of one of these counsel to the jury unfinished and to be completed next day. When court convened the following morning, counsel for the plaintiff made a motion to the court to declare a mistrial, for the reason that at the hotel the night before one of the jurors had played in a game of cards with the three attorneys for the defendant, one of such counsel and the juror as partners playing against the other two counsel. It was charged by the movant that the counsel and the juror thus played together for an hour or more; that they had quite a merry time together, laughing and having fun; and that the leading counsel, whose argument was unfinished at the time of adjournment, asked his associate counsel who was the partner of the juror, "to take off his hat so he could play the two bald heads against the other members of the party." Counsel for the plaintiff making the motion stated that he did not see counsel for the defendant give the juror anything, or pay any expenses, but that the juror was being entertained at the "temporary home of counsel for the defendant," and that the register of the hotel did not show that the juror was a guest there. It was contended that the action of counsel for the defendant tended to influence the jury "to lean towards counsel who entertained him," and that while movant did not know but that the juror would bring in a verdict in favor of the plaintiff, justice demanded that a fair and uncontaminated jury be had to try the case. Counsel for the defendant, whose speech was in progress when the court adjourned, stated that he had an engagement the night before to play a game of whist at the hotel with his associate counsel and with a Mr. Hawkins, who was to come to the hotel when he had finished certain work; that while they were waiting for Mr. Hawkins the juror sat down and took his place; that neither directly nor indirectly was the case mentioned or any hospitality offered; that he and his partner in the game finally left, and the juror and his partner continued to play with Mr. Hawkins and another; that counsel for the plaintiff who made the motion for a mistrial was present, and others were in and out; that when the

juror and his partner won. the game, he pulled the latter's hat off and said: "These old bald-headed fellows beat us." Counsel further stated: "There was nothing secret about it, and there was nothing offered, directly or indirectly, in any manner, shape, or form. Mr. Mills was there, I know, and there were a large number of people in and out. There was no hospitality engaged in at all. Others were around there, and engaged in the game just as we did."

This court has repeatedly criticised adversely conduct on the part of counsel engaged in the trial of a case which would tend to have the effect of influencing jurors in the discharge of their sworn duty with respect to a case on trial before them. In the recent case of *Alabama Great So. R. Co.* v. *Brown,* 140 *Ga.* 792 (79 S. E. 1113, 35 Ann. Cas. (1915A) 1159), in which the present writer prepared the opinion of the court, the impropriety of such conduct on the part of counsel was stressed, and a number of quotations from opinions rendered in cases previously before the court were set forth,—all severely condemnatory of conduct of counsel or parties in extending entertainment to jurors. We adhere to what was said in that opinion upon this subject, and earnestly insist that counsel at all times refrain from any conduct in relation to jurors that could cast even a shadow of suspicion on the integrity of a trial.

The circumstances of the present case, however, do not measure up to those involved in the cases in which the court has granted new trials on account of alleged improper conduct of parties or counsel. Here it affirmatively appears that counsel were not alone with the juror at any time; and it further appears that no "treating" or other entertainment at the expense of any one was accepted or offered. It appears that the game of cards referred to was played openly and without any effort at concealment, and apparently that one of the counsel for the plaintiff was present the entire time, and perhaps others, and that a number of persons were passing in and out where the game was in progress. This would indicate that the game was played in a public part of the hotel, to which people generally had freedom of access. It affirmatively appears that the case on trial was not in any manner referred to. The alleged improper conduct of counsel rests almost entirely on the fact that counsel indulged in a game of

cards in which the juror participated; and for aught that appears to the contrary, the juror himself may have volunteered to take the place of the absent person who had an engagement to play with the three members of the bar who were of counsel for defendant, but who had not arrived when the game began. We repeat the suggestion that it would be advisable in all instances for counsel engaged in the trial of cases to refrain from any social intercourse with the jurors sitting on the case, the propriety of which could be questioned in the slightest. But we can not say, all the circumstances of the present case considered, that the conduct of counsel was of such character as to require us to reverse the judgment of the court below refusing to declare a mistrial.

*Judgment affirmed. All the Justices concur, except Atkinson, J., dissenting.*